Donalda **CORBEIL**

v.

**PATRONS MUTUAL INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

March 31, 1978.

---

Smith, Elliott, Wood & Nelson by Robert J. Foley (orally), Saco, for plaintiff.

Hewes, Culley & Feehan by George W. Beals (orally), Richard D. Hewes, Portland, for defendant.

Before POMEROY, WERNICK, ARCHIBALD, GODFREY, and NICHOLS, JJ.

NICHOLS, Justice.

The Plaintiff, an elderly lady, brought suit on her contract of homeowner's insurance with the Defendant, alleging that certain damage to a shed attached to her house in Biddeford resulted from a windstorm. The insurer's defense was that the damage in question was caused not by the wind, a covered peril, but by frost heaves, a non-covered peril. The jury returned a verdict in favor of the Plaintiff, and the Defendant has appealed from the judgment entered thereon.

We sustain the appeal.

The Plaintiff was unable to give the precise date of the damage she alleged. She testified that she remembered a windstorm in late January or early February of 1974. It was during this storm that she felt a "shock" to her house. She discovered the damage to her shed several days later.

Over objection, the Plaintiff was permitted to introduce into evidence two pages of the issue of the *Biddeford-Saco Journal*, dated February 1, 1974. Those newspaper pages contained, not a routine weather report, but a story specifically written about a windstorm in that area the night previ-

ous; the story reported wind gusts "as high as 63 miles per hour," and recounted several incidents of wind damage in the local area. The author of the news story was not called to testify. The news story was admitted by the presiding justice for the purpose of ". . . indicating what the weather situations were at that time . . . .. It is not to say that damage was done, or was not done to Mrs. Corbeil's property."

The occurrence of wind at or around that date, severe enough to cause the damage in question, was a material element of the Plaintiff's case. Since it was admitted to show precisely that occurrence, the news story was hearsay. M.R.Evid. 801(c); cf. *Knox Lime Company v. Maine State Highway Com'n*, Me., 230 A.2d 814, 821 (1967). See also McCormick, *Evidence* § 246 at 584 (2d ed. 1972).

A newspaper narrative is hearsay, and in almost all circumstances is inadmissible. *Dallas County v. Commercial Union Assurance Co.*, 286 F.2d 388, 391–392 (5th Cir., 1961). Here the proponent has suggested no exception to the hearsay rule which is applicable to her case. As hearsay, then, the news story is incompetent evidence and should have been excluded. M.R.Evid. 802.

Furthermore, we are unable to agree with the Plaintiff that the newspaper story was merely cumulative evidence and therefore any error in its admission was harmless. The figure of 63 miles per hour mentioned in the news story was higher than the Portland observations by the National Weather Service, which observations were admitted into evidence. The news story gave a precise date which was not supplied by other testimony. Moreover, the newspaper related incidents of wind damage elsewhere in Biddeford, which could have been used inferentially by the jury as a basis for the causation element which was a central issue in this case.

We do not reach the question of whether the remaining evidence is in itself sufficient to support a finding in favor of the Plaintiff. Since that question was not before the court below, we have no occasion to rule upon it at this time.

The entry will be:

Appeal sustained.

Remanded for a new trial.

McKUSICK, C. J., did not sit.

DELAHANTY, J., sat at oral argument and conference, but did not otherwise participate.